IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Brenda Williams, ) | |
| ) | Civil Action No. 8:04-22407-HFF-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits under Title II of the Social Security Act.

**ADMINISTRATIVE PROCEEDINGS**

The plaintiff filed an application for disability insurance benefits on March 14, 2001, alleging that she became unable to work on May 5, 1998. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff requested a hearing. On September 24, 2003, the administrative law judge, before whom

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

the plaintiff appeared, considered the case *de novo*, and on May 26, 2004, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended. The administrative law judge's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on August 16, 2004. The plaintiff then filed this action for judicial review.

In making his determination that the plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the administrative law judge:

1. The claimant meets the non-disability requirements for a period of disability and disability insurance benefits set forth in Section 216(I) of the Social Security Act through September 30, 2002.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the regulations 20 CFR §404.1520(B).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations prior to her date last insured of September 30, 2002, are not totally credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527).

7. Prior to her date last insured, the claimant was able to perform medium work.

8. The claimant's past relevant work as a stocker/assembly line worker at Sara Lee did not require the performance of work-related activities precluded by her residual functional capacity prior to September 30, 2002 (20 CFR § 404.1565).

> 9. The claimant's medically determinable arthritis, hypertension, and diabetes mellitus did not prevent the claimant from performing her past relevant work at any time through September 30, 2002.
>
> 10. The claimant was not under a "disability" as defined in the Social Security Act, at any time through her date last insured of September 30, 2002 (20 CFR § 404.1520(F)).

(Tr. 19-20).

The only issues before the court are whether proper legal standards were applied and whether the final decision of the Commissioner is supported by substantial evidence.

## APPLICABLE LAW

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability."  42 U.S.C. §423(a).  "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions.  An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment.  20 C.F.R. § 404.1520.  If an individual is found not disabled at any step, further inquiry is unnecessary.  20 C.F.R. § 404.1503(a); *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a *prima facie* showing of disability by showing that he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence.

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

**DISCUSSION**

The plaintiff was sixty years old at the time of the ALJ's decision. She has an eleventh grade education (Tr. 30) and past relevant work as a cashier, stocker, assembly line worker and school janitor (Tr. 106; 125). She alleges that she became disabled on May 5, 1998 (Tr. 95; 105) due to arthritis, diabetes, high blood pressure, and carpal tunnel syndrome. The plaintiff's insured status expired on September 30, 2002 (Tr. 98).

The plaintiff argues that the ALJ erred in (1) finding that she had the residual functional capacity to perform medium work; (2) in evaluating the plaintiff's credibility with regard to pain and other limitations; and (3) in finding that the plaintiff could perform her past relevant work.

The record reveals that the plaintiff has a history of hypertension, edema and diabetes. Her medical records also show that between 1998 and 2002 she reported to her doctors ongoing arthritic pain and stiffness in her back and joints, as well as some swelling in her extremities (Tr. 155-192). In addition, the plaintiff was diagnosed with Type 2 diabetes in February, 2001, and she was advised to diet and exercise, as well as take insulin (Tr. 175).

On June 20, 2001, the plaintiff was examined by a state agency medical consultant, Dr. Ester Hare. Dr. Hare found that the plaintiff had osteoarthritis which was not well controlled on medication, and uncontrolled hypertension. Dr. Hare noted that the plaintiff "has a heart murmur, and with a history of diabetes, hypertension, heart murmur, she does need to be further worked up." (Tr. 149-151).

5

On June 26, 2000, the plaintiff was examined by Dr. Joann Parris, her family doctor. Dr. Parris noted that the plaintiff had left leg swelling, back pain, shoulder swelling, multiple joint pain in her shoulders, knees and hips and exertional dyspnea (Tr. 163). The plaintiff was given medication for her pain and hypertension (Tr. 178-179). On July 18, 2001, the plaintiff was examined in the emergency room for dizziness, headache and nausea. Her blood pressure was found to be elevated and she was released once her blood pressure was stabilized (Tr. 144-145). On August 2, 2001, the plaintiff was found to have mild aortic stenosis (Tr. 165-166). The record also contains numerous notations of high blood pressure prior to the date the plaintiff was last insured, indicating that her blood pressure has never been consistently well-controlled (Tr. 173-191).

The plaintiff contends that because she suffers from nonexertional side effects, *i.e.*, the effects of hypertension and uncontrolled diabetes, the ALJ erred in applying the Medical-Vocational Guidelines (the "grids") of the Social Security regulations. Where a claimant has no nonexertional impairments that prevent her from performing the full range of work at a given exertional level, the ALJ may rely on the grids to satisfy his burden of proof. *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987). The grids are dispositive of whether a claimant is disabled only when the claimant suffers from purely exertional impairments. However, when a claimant suffers from both exertional and nonexertional impairments, the grid tables are not conclusive but may only serve as guidelines. *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989). The Fourth Circuit has defined a "nonexertional impairment" as "a limitation that is present whether the claimant is attempting to perform the physical requirements of the job or not." *Gory v. Schweiker*, 712 F.2d 929, 930 (4th Cir. 1983).

It is clear from the record that prior to the date the plaintiff was last insured she had nonexertional impairments such as dizziness, swelling and dyspnea. The ALJ erred in failing to consider any of these nonexertional impairments and relying solely on the Grids to

find that the plaintiff was not disabled.  Accordingly, the case should be remanded to allow the ALJ to consider testimony from a vocational expert.

The plaintiff also contends that the ALJ engaged in an improper evaluation of the plaintiff's subjective allegations of pain and limitation.  The ALJ determined that the plaintiff's subjective complaints were not credible to the extent they would prevent her from performing medium work.

A claimant's allegations of pain, disability and limited function itself, or its severity, need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which the impairment can reasonably be expected to cause the pain the claimant alleges she suffers.  A claimant's symptoms, including pain, are considered to diminish her capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical evidence and other evidence.  20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4).  Furthermore, "a formalistic factor by factor recitation of the evidence" is unnecessary as long as the ALJ "sets forth the specific evidence he relies on in evaluating the claimant's credibility."  *White v. Massanari*, 271 F.3d 1256, 1261 (10th Cir. 2001).

As noted by the ALJ, the plaintiff testified testified that she had to quit her job because she was unable to bend, move, stoop or lift.  In addition, the plaintiff testified that she had muscle spasms and swelling in her wrists and fingers, arthritis and pain in the neck, back and legs (Tr. 44 - 49).    The plaintiff also testified that because of her pain and swelling she has to keep her legs elevated and she has to lie down three to four times a day for 45 minutes at a time.    She testified that she cannot walk more than 25 feet without experiencing shortness of breath.  The plaintiff also testified that her daily activities are minimal and that she had to give up sewing, gardening, quilting and shopping.  Her husband and daughter do most of the cooking and household chores.

 In making his credibility determination here, the ALJ stated:

7

> As explained previously, although the evidence shows that the claimant has a medically determinable impairment that could reasonably be expected to produce the pain and other symptoms alleged, the evidence prior to the date last insured does not support the claimant's allegations of the intensity and persistence of such pain and other symptoms prior to her date last insured. Specifically, the claimant's hypertension and diabetes are described as under good control prior to her date last insured. The claimant also took Alleve for her arthritis and back pain and in July of 2002, reported good control. Exams revealed a full range of motion in all joints, no neurofocal deficits, and intact strength. X-rays demonstrated only mild osteoarthritis.

(Tr. 18). The ALJ did not specify in detail the reasons for his findings that the plaintiff was not credible and that her limitations were not as great as she testified. He appears to have relied entirely upon isolated notations in the plaintiff's medical records with no analysis of the plaintiff's testimony. In fact, the plaintiff's testimony reveals that her activities of daily living are severely limited and were limited prior to the date she was last insured. She testified that she suffers from shortness of breath and the inability to stand for long periods of time. She also testified that these problems, in combination with swelling and pain, resulted in her having to stop work completely in 1998. On remand, the ALJ must appropriately consider the effect of the plaintiff's physical limitations on her ability to function and explain the specific reasons for rejecting the plaintiff's allegations as to her pain and limitations. *See Hammond v. Heckler*, 765 F.2d 424 (4th Cir. 1985) (requiring specific reasons for credibility determinations).

Finally, the plaintiff contends that the ALJ erred in finding that the plaintiff had the ability to do her past relevant work without performing a function-by-function evaluation of the plaintiff's physical capacities as it relates to her past relevant work. As discussed above, in making his determination, the ALJ did not consider non-exertional limitations such as dizziness and uncontrolled hypertension. Such considerations are clearly relevant in this case. Therefore, on remand, the ALJ should evaluate the plaintiff's limitations and non-exertional impairments in connection with his determination as to the plaintiff's ability to perform her past relevant work.

**CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, this court recommends that the Commissioner's decision be reversed under sentence four of 42 U.S.C. §405(g), with a remand of the cause to the Commissioner for further proceedings.

IT IS SO RECOMMENDED.


s/ Bruce H. Hendricks
United States Magistrate Judge


October 25, 2005
Greenville, South Carolina