

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| BRENDA WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:04-22407-HFF-BHH |
| | § | |
| JO ANNE BARNHART, Commissioner | § | |
| of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER AND OPINION

## I.    INTRODUCTION

This is a Social Security action.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

The matter is before the Court for review of the United States Magistrate Judge's report and

recommendation (report) in which she recommends that the decision of the Commissioner be

reversed and that this case be remanded for further proceedings.  The report is made in accordance

with 28 U.S.C. § 636 and Local Civil Rule 73.02 D.S.C.

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has

no presumptive weight.  The responsibility to make a final determination remains with the Court.

1

*Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Social Security Act precludes a *de novo* review of the evidence and requires the Court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

2

III.    **DISCUSSION**[1]

The Magistrate Judge filed her report on October 25, 2005.  The report recommended that Defendant's decision denying Plaintiff's claim for Social Security benefits be reversed and that the case be remanded to Defendant for further proceedings.  On November 2, 2005, Defendant filed objections in which she argued that her decision was adequately supported by substantial evidence and that she had applied the correct legal standard in concluding that Plaintiff's claim must be denied.

The Court finds that Defendant applied an incorrect legal standard in denying Plaintiff's claims.  Specifically, Defendant used the Medical-Vocational Guidelines (grids) to reach a finding that Plaintiff was not disabled.  While the grids are dispositive on the issue of disability when a claimant suffers only from exertional limitations, *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987), they do not constitute conclusive evidence when a claimant also asserts nonexertional impairments, *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989).  In this case, Defendant must present specific vocational evidence to support her conclusion.  *Hammond v. Heckler*, 765 F.2d 424, 425-26 (4th Cir. 1985).

As the Magistrate Judge noted, Plaintiff clearly suffered from nonexertional impairments here.  Although Defendant objects to this finding by pointing out that Plaintiff's nonexertional impairments were responding positively to treatment, the record indicates that Plaintiff continued

_____

[1] The facts of this case are adequately stated in the Magistrate Judge's report.  As the Court incorporates the report into this Order, it does note recite the facts here.

3

to suffer from these impairments nonetheless.  Thus, Defendant erred by failing to consider them in reaching her decision on Plaintiff's claims.[2]

The Court likewise agrees with the Magistrate Judge with regard to Plaintiff's allegation that Defendant improperly evaluated Plaintiff's claims of pain and limitation.  The Magistrate Judge found that Defendant failed to make specific findings which support her determination that Plaintiff's testimony regarding pain was not credible.  In making this finding, the Magistrate's report cites the following excerpt from Defendant's decision:

> As explained previously, although the evidence shows that the claimant has a medically determinable impairment that could reasonably be expected to produce the pain and other symptoms alleged, the evidence prior to the date last insured does not support the claimant's allegations of the intensity and persistence of such pain and other symptoms prior to her date last insured.  Specifically, the claimant's hypertension and diabetes are described as under good control prior to her date last insured.  The claimant also took Alleve for her arthritis and back pain and in July of 2002, reported good control.  Exams revealed a full range of motion in all joints, no neurofocal deficits, and intact strength.  X-rays demonstrated only mild osteoarthritis.

(Report at 8 (citing Record at 18.))

The Magistrate correctly concluded that Defendant's findings, as stated in this passage, do not meet the standard of specificity required by the law.  The Court of Appeals has held that an administrative law judge (ALJ) is required to make specific findings to support his credibility determinations.  In so holding, the court has required that the ALJ "refer specifically to the evidence informing the ALJ's conclusion."  *Hammond*, 765 F.2d at 426.  In a further elaboration of the findings the ALJ is required to make, the court has noted that the ALJ must "*explicitly* indicate[] the

---

[2] Having determined that this case must be remanded so that Defendant may evaluate Plaintiff's nonexertional claims, the Court agrees with the Magistrate Judge that Defendant must also evaluate Plaintiff's ability to perform past relevant work in light of these nonexertional claims.

4

weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (emphasis added).  In the passage cited above, the ALJ referred to the objective medical evidence in the record which contradicted Plaintiff's subjective claims of pain.  Yet nowhere does the record indicate the ALJ *explicitly* weighed this medical evidence against Plaintiff's claims of pain and disability or with conflicting objective medical evidence.  On remand, therefore, Defendant must reevaluate Plaintiff's credibility and explicitly weigh Plaintiff's testimony against the medical evidence.  Further, she must explain why she has given great weight to certain medical evidence while minimizing other objective evidence.[3]

## IV.    CONCLUSION

The Court overrules Defendant's objections to the Magistrate Judge's report, adopts the report, and incorporates it herein to the extent that it does not contradict the terms of this Order. Based on the foregoing, the Court finds that Defendant's determination that Plaintiff is not entitled to disability insurance benefits should be, and hereby is, **REVERSED**.  This case is **REMANDED** to Defendant for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

---

[3]  The Court emphasizes that it does not hold that Defendant's findings on the credibility of Plaintiff's testimony are not supported by substantial evidence.  Indeed, substantial evidence may support Defendant's conclusion.  Here, Court simply finds that it is unable to review Defendant's findings due to Defendant's failure explicitly to weigh the conflicting evidence in the record.

5

Signed this 7th day of November, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE